Nicholson, C. J.,
delivered the opinion of the Court.
This is an action of ejectment, brought in the Circuit Court of Humphreys county by Jarrett, Moon & Co. against James M. Holmes. The plaintiffs obtained a judgment, from which defendant appealed in error.
The first ground relied on for reversal is error in the refusal of the Circuit Judge to charge the following proposition:
"If the proof shows that Jarrett and Moon were partners, under the firm name of Jarrett, Moon & Co., and that the deed in this case was made to such firm, and not to the individual members of such firm, the jury should find for the defendant.”
The principle of law is well settled that it is impossible for a partnership, as such, to hold the legal title of real estate. Only a person can do this, and a corporation only because it is a person in law, but this a partnership*' is not. Parsons on Partnership, 366. But when a deed is made to a partnership, the legal title vests in such of the members of the firm individually as are named in the conveyance.
The legal title, so vested in one or more individual members of the firm, is held in trust for the partnership. Moreau v. Saffarans, 3 Sneed, 599.
If then it had appeared in proof in the present case, that the deed on which plaintiffs relied conveyed the title to Jarrett, Moon & Co., and if it also appeared that Jarrett, Moon & Co. was a partnership, *508 composed of Jarrett and Moon, and others not named or proven, it -would follow that the legal title vested in Jarrett and Moon as trustees for the partnership, unless the fact that the given names of Jarrett and Moon were not proven rendered the deed void for uncertainty. We know of no authority for holding that a deed is void if the given name of the grantee is omitted. An ambiguity of that kind may be explained by parol proof, and the parties intended to be designated as grantees thus made certain. Ward v. Espy, 6 Hum., 447.
- But as matter of fact it does not appear in the bill of exceptions that there was any proof whatever showing that Jarrett, Moon & Co. constituted a partnership, of which Jarrett and Moon were two members. Nor does it appear from anything in the record that Jarrett Moon is not one individual. It does appear throughout the record that there was more than one plaintiff, but this would appear as well if Jarrett Moon was only one person, as if the name designated two. As far as the record • shows, the legal title of the land is in Jarrett Moon, and not in Jarrett and Moon.
Upon either ground there is no error in the refusal of the Court to give the charge.
The next ground on which it is insisted that the plaintiffs have no title is, that after Jarrett, Moon & Co. purchased the land at execution sale, they had twenty days within which to advance their bid,- and that as they failed to do so within the time, and as the land was afterwards redeemed from them by *509 McAdoo & Brown, Jarrett, Moon & Co. could not afterwards redeem from McAdoo & Brown, by paying off their debt and then sinking the balance of the judgment of Jarrett, Moon & Co. on the land. We do not so understand the redemption statute. The purchasing creditor has the exclusive right for twenty days to advance his bid. If he fail or decline to do so, any other, judgment creditor may redeem from him. And then in turn any other judgment creditor —the original purchaser as well as any other — may redeem, and so on;- successive judgment creditors may redeem until the expiration of the two years. The only right which the purchasing creditor loses by failing to advance his bid within twenty days, is the special preference which the statute gives during that time; afterwards he has the same rights as other judgment creditors.
It is next objected that the Court erred in excluding from the jury the entry on the Clerk’s docket, showing that the receipt of the redemption money paid by Jarrett, Moon & Co. to McAdoo & Brown was signed by their attorney A. J. Saunders, and not by the Clerk.
The object of this evidence was to show that the redemption by Jarrett, Moon & Co. was void, and that the inchoate legal title was outstanding in McAdoo & Brown. The practice of entering the evidence of redemption on the execution docket is right; it preserves the evidence and gives notice to other creditors as to whom the inchoate title has been conveyed; but the validity of the redemption does not depend *510 upon the entry of the evidence on the docket, or its signature by the Clerk. The receipt is properly signed by the party from whom the land is redeemed, except when the party is a non-resident, and then the receipt of the Clerk is proper.
The objection to the statement of A. J. Saunders, attorney of plaintiffs, that he redeemed the land for them, and that he is a judgment creditor, is not well taken. If he intended to state that he was a judgment creditor (which we do not think was his meaning), it would be surplusage, and would not vitiate the statement, as he shows that it was the plaintiff’s judgment he was appropriating in making the redemption.
Upon the whole case we find no error. Affirm the judgment.